2005 OK 29

## In re APPLICATION TO AMEND ARTICLE II SECTION 5 OF THE RULES CREATING AND CONTROLLING THE THE OKLAHOMA BAR ASSOCIATION.

### No. SCBD–5013.

Supreme Court of Oklahoma.

April 25, 2005.

## ORDER AMENDING ARTICLE II SECTION 5 OF THE RULES CREATING AND CONTROLLING THE OKLAHOMA BAR ASSOCIATION

JAMES R. WINCHESTER, Vice Chief Justice.

¶ 1 Upon Application of the Board of Governors of the Oklahoma Bar Association, the Rules Creating and Controlling the Oklahoma Bar Association are hereby amended as set forth in Exhibit A attached hereto.

¶ 2 Approved in Conference and so Ordered this 25th day of April, 2005.

LAVENDER, OPALA, KAUGER, EDMONDSON, TAYLOR and COLBERT, JJ., concur.

Justice WATT, C.J., concurs in part, dissents in part.

HARGRAVE, J., dissents.

## EXHIBIT A

### Art. II Sec. 5. Out–of–State Attorneys

A. Definitions—The following definitions govern this Article:

1. **Out–of–State Attorney:** A person who is not admitted to practice law in the State of Oklahoma, but who is admitted in another state or territory of the United States, the District of Columbia, or a foreign country.

2. **Oklahoma Attorney:** A person who is (a) licensed to practice law in Oklahoma, as an active or senior member as those categories are defined in Section 2 of this Article; and (b) a member in good standing of the Oklahoma Bar Association.

3. **Oklahoma Courts or Tribunals:** All trial and appellate courts of the State of Oklahoma, as well as any boards, departments, commissions, administrative tribunals, or other decision-making or recommending bodies created by the State of Oklahoma and functioning under its authority. This term shall include court-annexed mediations and arbitrations. It shall not, however, include federal courts or other federal decision-making or recommending bodies which conduct proceedings in Oklahoma.

4. **Proceeding:** Any action, case, hearing, or other matter pending before an Oklahoma court or tribunal, including an "individual proceeding" within the meaning of Oklahoma's Administrative Procedures Act (*75 O.S. 250.3* ).

B. An out-of-state attorney may be permitted to practice before Oklahoma courts or tribunals solely for the purpose of participating in a proceeding in which he or she has been employed upon the following express conditions:

1. The out-of-state attorney shall make application with the Oklahoma Bar Association, in such form and according to the procedure approved by the Board of Governors of the Oklahoma Bar Association. Said application shall include an affidavit (or unsworn statement under penalty of perjury pursuant to *12 O.S. 426* ) which: (a) lists each state or terri-

tory of the United States, the District of Columbia, or foreign country in which the out-of-state attorney is admitted; and (b) states that the out-of-state attorney is currently in good standing in such jurisdictions. If an out-of-state attorney commits actual fraud in representing any material fact in the affidavit or unsworn statement under penalty of perjury provided herein, that attorney shall be permanently ineligible for admission to an Oklahoma court or tribunal pursuant to this Rule, or for admission to the Oklahoma Bar Association. The out-of-state attorney shall file a separate application with respect to each proceeding in which he or she seeks to practice.

2. An Oklahoma court or tribunal may temporarily admit an out-of-state attorney on a showing of good cause for noncompliance with the other provisions of this Rule. Temporary admission under this Rule may be granted for a period not exceeding 10 days; however, such period may be extended as necessary on clear and convincing proof that the circumstances warranting the extension are beyond the control of the out-of-state attorney.

3. Unless a waiver is granted pursuant to Subsection 4, the out-of-state attorney shall pay the sum of Three Hundred Fifty Dollars ($350.00) as a non-refundable application fee to the Oklahoma Bar Association. If the proceeding is pending on the anniversary of the application, an annual renewal fee of Three Hundred Fifty Dollars ($350.00) shall be paid to the Oklahoma Bar Association and such fee shall continue to be paid on each anniversary date until the proceeding is concluded or the out-of-state attorney is permitted to withdraw from the proceeding by the applicable Oklahoma court or tribunal. In the event the annual renewal fee is not timely paid, the Oklahoma Bar Association shall mail a renewal notice to the out-of-state attorney at the address set forth in the attorney's application filed with the Oklahoma Bar Association under this Rule (or at an updated address subsequently furnished by the out-of-state attorney to the Oklahoma Bar Association), apprising the attorney of the failure to timely pay the annual renewal fee of Three Hundred Fifty Dollars ($350) with an additional late fee of one hundred dollars ($100). If the out-of-state attorney fails to timely comply with this renewal notice, the Oklahoma Bar Association shall mail notice of default to the out-of-state attorney, the Oklahoma associated attorney (if applicable), and the Oklahoma court or tribunal conducting the proceeding. The Oklahoma court or tribunal shall file the notice of default in the proceeding, and shall remove the out-of-state attorney as counsel of record unless such attorney shows that the Oklahoma Bar Association's renewal notice was not received or shows excusable neglect for failure to timely pay the annual renewal fee and late fee. In the event of such a showing, the tribunal shall memorialize its findings in an order, and the out-of-state attorney shall within 10 calendar days submit the order to the Oklahoma Bar Association, promptly pay the annual renewal fee and late fee, and file a receipt from the Oklahoma Bar Association showing such payments with the Oklahoma court or tribunal.

4. Out-of-state attorneys appearing pro bono to represent indigent criminal defendants, or on behalf of persons who otherwise would qualify for representation under the guidelines of the Legal Services Corporation due to their incomes and the kinds of legal matters that would be covered by the representation, may request a waiver of the application fee from the Oklahoma Bar Association. Waiver of the application fee shall be within the sole discretion of the Oklahoma Bar Association and its decision shall be nonappealable.

5. The out-of-state attorney shall associate with an Oklahoma attorney. The associated Oklahoma attorney shall enter an appearance in the proceeding and service may be had upon the associated Oklahoma attorney in all matters connected with said proceeding with the same effect as if personally made on the

out-of-state attorney. The associated Oklahoma attorney shall sign all pleadings, briefs, and other documents, and be present at all hearings or other events in which personal presence of counsel is required, unless the Oklahoma court or tribunal waives these requirements.

6. An out-of-state attorney shall by written motion request permission to enter an appearance in any proceeding he or she wishes to participate in as legal counsel and shall present to the applicable Oklahoma court or tribunal a copy of the application submitted to the Oklahoma Bar Association pursuant to Subsection B(1) of this Rule and a Certificate of Compliance issued by the Oklahoma Bar Association.

C. Admission of an out-of-state attorney to appear in any proceeding is discretionary for the judge, hearing officer or other decision-making or recommending official presiding over the proceeding.

D. Upon being admitted to practice before an Oklahoma court or tribunal, an out-of-state attorney is subject to the authority of that court or tribunal, and the Oklahoma Supreme Court, with respect to his or her conduct in connection with the proceeding in which the out-of-state attorney has been admitted to practice law. More specifically, the out-of-state attorney is bound by any rules of the Oklahoma court or tribunal granting him or her admission to practice and also rules of more general application, including the Oklahoma Rules of Professional Conduct and the Rules Governing Disciplinary Proceedings. Out-of-state attorneys are subject to discipline under the same conditions and terms as control the discipline of Oklahoma attorneys. Notwithstanding any other provisions of this Article or Subsection, however, out-of-state attorneys shall not be subject to the rules of this Court relating to mandatory continuing legal education.